IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BILLY TAYLOR, individually and
as a member manager of
Wishbone's Music and Chicken Joint, LLC                      PLAINTIFF

v.                      No. 2:17-CV-2052

LARRY MURRY, in his individual and official capacities;
JAY CARL RIDER, a/k/a J C Rider, in his official capacity;
CHRISTOPHER CHISUM, in his individual and
official capacities; and SEAN BENOIT, in his individual
and official capacities                      DEFENDANTS

## OPINION AND ORDER

Before the Court are the following motions:

- Separate Defendant Jay Carl Rider's motion to dismiss (Doc. 6), brief in support of his motion (Doc. 7), and a document that Rider purports to be a response to separate Defendant Murry's motion to dismiss.[1]  (Doc. 13).

- Separate Defendant Larry Murry's motion to dismiss (Doc. 8), as well as a brief (Doc. 9) and statement of facts (Doc. 10) in support of his motion.

- Separate Defendant Christopher Chisum's motion to dismiss (Doc. 11) and brief in support of his motion.  (Doc. 12).

- Murry's motion (Doc. 15) for direction regarding the Rule 26(f) conference.

---

[1] This response to a separate defendant's motion can best be characterized as an assertion of "me, too" arguments.  There is some authority suggesting that this type of argument should not be allowed.  *Swartz v. Deutsche Bank*, 2008 WL 1968948, at *9 (W.D. Wash. May 2, 2008) (noting that "briefing may not include any 'me, too' arguments (joining in the arguments or analysis of any of the other defense briefing) but must state concisely the grounds on which [these specific defendants] contend that Plaintiff has failed to state a cause of action against them.").  Nonetheless, the Court has considered the "me, too" arguments filed by the Arkansas Attorney General's Office in its representation of Rider.

1

No responses to the motions to dismiss have been filed, and the time period for filing responses has passed. Additionally, no response has been filed to the motion for direction, but no response is necessary.

Plaintiff operated Wishbone's Music and Chicken Joint, LLC ("Wishbone's") with Chisum, and did so on the premises owned by Murry. (Doc. 1, p. 5). In addition to being a commercial landlord, Murry is also a police officer with the Fort Smith Police Department. (*Id*.). Chisum "runs the social media platforms pertaining to Wishbone's," and reportedly owns a separate business with Benoit. (*Id*.). Rider works for the Arkansas Alcoholic Beverage Control Board ("ABC") and became involved in this case because he addressed alleged issues with Wishbone's license to sell alcoholic beverages. (*Id*., p. 4).

Plaintiff brings this lawsuit under 18 U.S.C. § 1983, alleging violations of his Fourth, Fifth, and Fourteenth Amendment rights. (Doc. 1, p. 3). Plaintiff essentially alleges that Chisum, Benoit, Murry, and Rider entered into a civil conspiracy to cut him out of the Wishbone's business. (*Id*., p. 5). As a result of this civil conspiracy, Plaintiff claims that he has suffered lost profits and loss of business interests because the civil conspiracy ruined his business. (*Id*., pp. 5-6). Plaintiff alleges that Murry acted under color of state law in that he carried out the alleged conspiracy while acting in his role as a law enforcement officer. (*Id*., pp. 4-5). Other that stating that information regarding the sale of alcoholic beverages was "reported to and received from" Rider, there is no other action alleged to have been carried out by Rider under color of state law or in furtherance of any conspiracy. There is no allegation that Benoit or Chisum acted under color of state law.

The § 1983 claim asserted by Plaintiff is a derivative action that he brings on behalf of Wishbone's. Arkansas law makes a clear distinction between derivative and direct claims:

> As a general rule, a corporation is a distinct entity from its stockholders. However, when a shareholder believes that the corporation has been harmed, he may be

> entitled to bring an action in a derivative suit, in the corporation's name, to seek redress for that injury. Although the shareholder also may be injured, secondarily, the primary injury is to the corporation, and the shareholder's cause of action is derivative and not direct.

*Hames v. Cravens*, 966 S.W.2d 244, 247 (Ark. 1998) (citations omitted). The Arkansas Supreme Court went on to distinguish direct actions as follows:

> Our decision in this case is not to imply that shareholders may never bring a direct suit. For example, a shareholder may sue individually in an action to enforce that shareholder's voting rights, to compel the payment of dividends, or to protect minority shareholders. Contrary to the case at bar, these actions contemplate a direct injury to the shareholder distinct and separate from harm caused to the corporation.

*Id.* While Wishbone's is a limited liability company ("LLC") rather than a corporation, a cause of action accrues to the entity rather than to a member individually, and must be pursued by way of a derivative action when the injury primarily affects the LLC and only indirectly reaches the members. *See In re Spivey*, 440 B.R. 539, 543 (Bankr. W.D. Ark. 2010) (noting that while "[t]he Court could not locate any cases that address a derivative cause of action related to limited liability companies in Arkansas … [t]he general rule that has developed relates to whether the plaintiff has been injured directly or independently of the corporation or partnership."); *Golden Tee, Inc. v. Venture Golf Sch., Inc.*, 969 S.W.2d 625 (Ark. 1998) (requiring a limited partner to seek a derivative action where a cause of action accrues to a limited partnership rather than to an individual partner when the injury and the nature of the harm are primarily to the limited partnership); *Brandon v. Brandon Const. Co. Inc.*, 776 S.W.2d 349 (Ark. 1989) (noting that "[t]he distinction between a derivative and an individual action is whether it is the corporation that has been injured by the action complained of or whether it is only the individual shareholder who has suffered harm.").

Plaintiff's claim that he has suffered lost profits and loss of business interests because the civil conspiracy ruined his business is the type of injury that should be brought through a derivative

3

action.  These injuries are entirely derivative of the injury to the company.  Derivative actions cannot be brought under § 1983.  *Potthoff v. Morin*, 245 F.3d 710, 717 (8th Cir. 2001) (concluding that a "§ 1983 claim can survive only if [the plaintiff] has alleged that he personally has suffered a direct, nonderivative injury.").  Plaintiff's § 1983 claim thus fails as a matter of law, and the Court finds that it will be dismissed without prejudice.

Plaintiff also appears to assert unjust enrichment and tortious interference claims against Murry.  (Doc. 1, p. 5).  Against Chisum, Plaintiff appears to assert libel and/or slander claims. (*Id*.).  For the defamation claims, Plaintiff also seeks a temporary restraining order.  (*Id*.).  The basis for the Court's jurisdiction in this matter was the presence of a federal question.  28 U.S.C. §§ 1331 & 1343.  Because it is dismissing the § 1983 claims, the Court declines to exercise supplemental jurisdiction over any remaining state law claims asserted in this matter.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); 28 U.S.C.A. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . .").  The state law claims pending against Defendants will be dismissed without prejudice.

IT IS THEREFORE ORDERED that separate defendant Jay Carl Rider's motion to dismiss (Doc. 6), separate Defendant Larry Murry's motion to dismiss (Doc. 8), and separate Defendant Chris Chisum's motion to dismiss (Doc. 11) are GRANTED.  No fees and costs will be awarded.

IT IS FURTHER ORDERED that all claims against separate Defendant Sean Benoit are dismissed without prejudice.

IT IS FURTHER ORDERED that separate Defendant Murry's motion (Doc. 15) for direction regarding Rule 26(f) Conference is TERMINATED AS MOOT.

Judgment will be entered accordingly.

IT IS SO ORDERED this 6th day of June, 2017.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE